UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

SCOTT B. NAYLOR,

    Plaintiff,

v.                                File No. 1:08-CV-95

ROTECH HEALTHCARE, INC.,

    Defendant.

RULING ON PLAINTIFF'S MOTION IN LIMINE
(Paper 37)

Naylor moves in limine to (1) exclude after-acquired evidence relating to his firing; (2) exclude documentary evidence not produced in Rotech's initial disclosures; and (3) limit the testimony of certain witnesses. Paper 37. Naylor's motion is denied.

The relevant facts are described in this Court's accompanying ruling on Naylor's motion to amend.

I. Excluding After-Acquired Evidence

"After-acquired evidence" refers to facts discovered by an employer after the employer has already fired an employee, which could justify – post-hoc – the decision to terminate the employee. Courts have held after-acquired evidence is admissible to varying degrees, depending on the situation.

In wrongful termination claims alleging discrimination, liability depends on the employer's intent in the moment of firing. After-acquired evidence therefore is irrelevant and

cannot be used as a defense to liability. See Ballard v. Univ. of Vt., 693 A.2d 713, 715 (Vt. 1997). At the remedy stage, however, the Supreme Court held that after-acquired evidence can bar reinstatement and front pay, if it provides a legitimate reason for terminating the employee. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995). After-acquired evidence does not bar the remedy of back pay for the period between termination and discovery of the evidence, though. Id.

In wrongful termination claims alleging breach of express or implied contract,[1] liability depends on the parties' actions, not their intent. As a result, after-acquired evidence may show the employee breached the contract first, and can provide a complete defense to liability. See, e.g., O'Day v. McDonnell Douglas Helicopter Co., 959 P.2d 792, 794-96 (Ariz. 1998) (en banc); Crawford Rehab. Servs., Inc. v. Weissman, 938 P.2d 540, 549-50 (Colo. 1997) (en banc); Massey v. Trump's Castle Hotel & Casino, 828 F. Supp. 314, 325 (D.N.J. 1993) ("[A]n employer may not be held liable for breach of an employment contract, if it can show that it had the power to void the contract due to [employee misconduct], even where the employer was unaware of that power . . . ."), quoted with approval in Sarvis v. Vermont State Colleges, 772 A.2d 494, 501 (Vt. 2001); Hinchliffe v. Costco

---

[1] The contract is generally a promise to not fire the employee without good cause.

2

Wholesale Corp., No. 2:06-cv-83, 2009 WL 3536646, at *5 (D. Vt. Sept. 29, 2009) (noting Vermont Supreme Court's statement in Sarvis to the effect that after-acquired evidence can bar liability in breach of contract claims).

In wrongful termination claims alleging violation of public policy, liability depends on the employer's reasons for firing the employee. If the reasons for firing violate public policy – for example, by retaliating against the employee for whistleblowing, or by coercing the employee to commit wrongdoing – the employer will be liable. See, e.g., LoPresti v. Rutland Reg'l Health Servs., Inc., 865 A.2d 1102, 1109-15 (Vt. 2004) (recognizing the common-law tort of wrongful discharge in violation of public policy, in situation where a doctor alleged he was fired for refusing to refer patients out for unnecessary specialty care). States have come to different conclusions on how after-acquired evidence should be treated in cases alleging wrongful termination in violation of public policy. See O'Day, 959 P.2d at 796 (surveying the law). Some courts have found after-acquired evidence entirely inadmissible, others have found it a complete barrier to liability, and still others have adopted a compromise position similar to the U.S. Supreme Court in McKennon. O'Day, 959 P.2d at 796 (surveying the law). The dominant position seems to be the latter, under which after-acquired evidence cannot bar liability entirely but can limit a

plaintiff's remedies.  See id.; Silver v. CPC-Sherwood Manor, Inc., 151 P.3d 127, 131 (Okla. 2006).

Naylor's remaining wrongful termination claim is based on an implied contract.  See Paper 8 at 2 (alleging in Count I of complaint that "Defendant's conduct constitutes wrongful termination.  Defendant's Employee Handbook contains a progressive disciplinary process which creates an implied promise that plaintiff shall not be terminated except for just cause.").  Naylor's original complaint also alleged a wrongful discharge claim based on retaliation under Vermont's Fair Employment Practices Act, 21 V.S.A. § 495, et seq., but this claim was dismissed on summary judgment.  See Paper 25.

Because Naylor's wrongful termination claim rests on state law contract principles, not federal or state discrimination statutes or state tort principles, after-acquired evidence is admissible and can be used by Rotech as a defense to liability.  See Sarvis, 772 A.2d at 501; Hinchliffe, 2009 WL 3536646, at *5.  Therefore Naylor's motion in limine is denied with respect to after-acquired evidence.[2]

---

[2] It is also worth noting Naylor has not provided any details about what evidence or information he wishes to exclude. Even if Rotech were prohibited from using after-acquired evidence to defend against liability, it would be difficult for the Court to rule on Naylor's motion without at least some specifics.

II. <u>Excluding Documentary Evidence Not Produced in Rotech's Initial Disclosures</u>

Naylor also argues Rotech should be prohibited from using any documentary evidence not produced in its initial Rule 26(a)(1) disclosure. Paper 37 at 3. Naylor bases this request on the Court's power to impose sanctions under Rule 37(c) when a party fails to disclose evidence in either its initial or supplemental disclosures, yet attempts to use it at trial. See Fed. R. Civ. P. 37(c). From Naylor's motion and reply it is difficult to understand exactly what he wants, since he does not identify any specific documents he believes should be excluded; it appears he is asking the Court to exclude any documents produced by Rotech in supplemental disclosures.

There are at least two problems with this request. First, it directly conflicts with Rule 26(e), which allows parties to supplement their initial disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Second, Rule 37(c) does not apply to evidence disclosed via supplemental disclosures: "If a party fails to provide information or identify a witness as required by Rule 26(a) <u>or (e)</u>, the party is not allowed to use that information or witness . . . ." Fed. R. Civ. P. 37(c) (emphasis added). Accordingly there is no basis for Naylor's request to exclude later-produced documents.

5

Naylor's underlying concern seems to be that Rotech's supplemental disclosures are "alter[ing] the actual facts it relied on at the time it made the decision to terminate" him, and "rewrit[ing] history to expand one reason given for termination to nine." Paper 43 at 3. This concern may be valid, but it is not what Rule 37(c) exclusions are designed for. Rather, Naylor's concern belongs in a challenge to the use of after-acquired evidence, which is addressed above.

For these reasons, Naylor's motion in limine is denied with respect to documents produced in Rotech's supplemental disclosures.

III. Limiting Witness Testimony

Naylor's third request is rather difficult to understand. He points out Rotech's initial disclosure named certain individuals (all Rotech employees) who are "likely to have discoverable information," without providing a description of what the discoverable information might be. See Paper 37 at 4; Paper 37-1 at 1. He then refers to Rule 26(a), which requires initial disclosures to include "the subjects of [the discoverable] information" possessed by individuals listed. Fed. R. Civ. P. 26(a)(1)(A)(i). Because Rotech failed to describe what discoverable information is possessed by the Rotech

6

employees listed in its initial disclosure, Naylor argues the
employees' testimony should be limited somehow.[3]

The request to limit the witnesses' testimony is denied.  If
Naylor feels prejudiced by the lack of description in Rotech's
initial disclosures, he can ask Rotech to elaborate.

IV. Conclusion

For the reasons described above, Naylor's motion in limine
is DENIED.

Dated at Brattleboro, in the District of Vermont, this 23rd
day of December, 2009.

>                               /s/ J. Garvan Murtha
>                               Honorable J. Garvan Murtha
>                               Senior United States District Judge

---

[3] It is unclear exactly how Naylor believes the employees' testimony should be limited.  He seems to argue the employees' testimony should be limited to the contents of the documents included in Rotech's initial disclosure, see Paper 37 at 4, but Rotech specifically included these individuals because they were not necessarily mentioned in the documents, see Paper 37-1 at 1.