```
                     UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF VERMONT
```

SCOTT B. NAYLOR,                       :
                                       :
        Plaintiff,                     :
                                       :
        v.                             :         File No. 1:08-CV-95
                                       :
ROTECH HEALTHCARE, INC.,               :
                                       :
        Defendant.                     :

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT
(Paper 36)

This case is before the Court on a motion by plaintiff Scott Naylor to amend his complaint to add two new claims against defendant Rotech Healthcare, Inc. As described below, the motion to amend is granted in part and denied in part.

I.  Background

Naylor worked for Rotech and its predecessors, all medical equipment and service providers, for about eleven years. On December 22, 2006, Naylor was fired from his position as Location Manager for Rotech's White River Junction office. Rotech cited Naylor's unauthorized use of the company gas card as the reason for his firing.

In early 2008, Naylor filed suit against Rotech, alleging breach of implied contract by wrongful termination (Count I), retaliation under Vermont's Fair Employment Practices Act (Count II), and malicious conduct giving rise to punitive damages (Count III). Paper 8. The parties stipulated discovery would be

completed by January 1, 2009, and the case would be ready for trial by March 1, 2009. Paper 18. In mid-January, the parties jointly moved to continue their ENE session, anticipating a motion for summary judgment by Rotech. Paper 23. This Court granted the motion and postponed the ENE session. Paper 24.

Rotech moved for summary judgment on February 26, 2009, challenging each of Naylor's claims. Paper 25. In a June 16, 2009 ruling, this Court denied summary judgment on Naylor's first and third claims (wrongful termination and punitive damages), finding genuine issues of material fact. Paper 30. The Court granted summary judgment on Naylor's second claim (retaliation under FEPA), finding Naylor was not covered by Vermont's fair employment statute. Id. The parties participated in an ENE session on August 12, 2009, and failed to reach a settlement. Paper 35.

During this activity, Rotech and Naylor engaged in supplemental discovery. In particular, Rotech disclosed an email exchange between Tim Miles, a Rotech director, and Susie Streeter, a representative of one of Rotech's clients. Streeter's email expressed dismay at Naylor's firing; Miles explained in response that Naylor was fired because he was "stealing from the company." Paper 41-3.

A different email remains undisclosed, despite Naylor's requests to produce it. Apparently Miles sent Naylor an email

before firing him, in which Miles warned Naylor about using the company gas card for his personal vehicle. See Paper 25-1 at ¶¶ 12-15 (referring to this email); Paper 26 at ¶¶ 12-15 (same). Counsel for Naylor requested production of this email, but Rotech did not provide it. Paper 36-1. Nor does Rotech offer an explanation for the email's absence. See Paper 38 at 3; Paper 44 at 2.

Naylor now moves to amend his complaint to add two new claims. First, Naylor asserts a claim for defamation, based on the email exchange between Streeter and Miles. Second, Naylor asserts a claim for "spoliation of the evidence," based on Rotech's apparent loss of the warning email from Miles to Naylor.

## II. Standard of Review

In general, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend will be denied, however, if amending the complaint would be futile or would unduly prejudice the defendant. Foman v. Davis, 371 U.S. 178, 182 (1962); Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000). Leave to amend generally will not be denied based on simple untimeliness. Id. ("[W]e have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion." (citation omitted)). But when a plaintiff attempts to amend a complaint after the deadline set in a Rule 16(b) scheduling order, the district court can deny

3

the motion if the plaintiff fails to show "good cause."  Id. at 340.

III. Defamation Claim

Count IV of Naylor's proposed amended complaint alleges defamation.  Rotech argues against allowing this amendment, citing futility, delay, and prejudice.  Paper 38; Paper 40; Paper 44.  In the alternative, Rotech argues if the amendment is granted, the Court should order extensive further discovery, to be paid for by Naylor.  Paper 38 at 4.

Naylor's defamation claim does not appear futile.  In Vermont, a defamation claim requires "'(1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm as to warrant compensatory damages.'"  Russin v. Wesson, 949 A.2d 1019, 1020 (Vt. 2008) (quoting Lent v. Huntoon, 470 A.2d 1162, 1168 (Vt. 1983)).  Naylor alleges Miles maliciously and falsely described him as "stealing" from Rotech, in Miles's email to Streeter – a third party.  Naylor also alleges the false statement caused damages to his reputation.  These allegations are sufficient, and the claim is not futile as a matter of law.

In terms of timing, Naylor's motion should be scrutinized for "good cause."  The parties did not specify a deadline for

4

motions to amend in their stipulated discovery schedule, but they did set March 1, 2009, as the date for trial readiness. Paper 18 at 2. This Court could find the trial-ready to implicitly contain a cutoff for amending the complaint, since motions to amend are generally filed before trial. Therefore Naylor's motion to amend – filed on September 9, 2009 – can be viewed as conflicting with the Court's Rule 16(b) scheduling order, and Naylor must show "good cause" for the late motion. Parker, 204 F.3d at 339-40.

Naylor explains he waited to file the motion until after the parties' ENE settlement discussion, as he was working "on the assumption that [Rotech] intended in good faith to resolve this case if it was unable to prevail on a motion for summary judgment." Paper 36 at 5. Also, Naylor suggests the email exchange between Miles and Streeter was not disclosed by Rotech until recently. See Paper 36 at 2 (referring to the Miles-Streeter email exchange in a section entitled "Post-Mediation Production of . . . E-mail"). Rotech acknowledges the Miles-Streeter email exchange came to light in the course of supplemental discovery, but does not say exactly when this occurred. Paper 44 at 1. Assuming the Miles-Streeter email exchange was in fact disclosed after the ENE meeting, there was relatively little delay, since less than one month elapsed between the ENE session and Naylor's motion to amend. "Good

5

cause" depends on the diligence of the moving party. Parker, 204 F.3d at 340. Here, Naylor was reasonably diligent in moving to amend, once the facts came to light and it was clear the case had not settled. Therefore the Court finds good cause and excuses the lateness of the defamation claim.

Rotech also argues against the defamation claim on the basis of prejudice, asserting it would unfairly expand the scope of Naylor's claims, require substantial further discovery, and delay resolution of the case. See Paper 38; Paper 44. Courts can deny a motion to amend for prejudice of this sort, see generally 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990 & Supp. 2009) (collecting cases), but the prejudice must be fairly significant in order to outweigh "[t]he liberal amendment policy prescribed by Rule 15(a)." Id.

Here, the proposed defamation claim adds a new legal theory to the case, and will require at least some new discovery. This will cause some delay, expense, and difficulty for both parties. On the other hand, Naylor's defamation claim arises from the same underlying events, so it makes sense to include it rather than initiate a separate lawsuit. See Bleiler v. Cristwood Contracting Co., 868 F. Supp. 461, 463-64 (D. Conn. 1994) (noting prejudice to the nonmoving party is alleviated if the new claim arises out of similar facts as existing claims), rev'd in part on other grounds, 72 F.3d 13 (2d Cir. 1995). Significant overlap

6

exists in both the background facts and the particular issues to be proved at trial. For example, while defending the wrongful termination claim, Rotech will likely try to prove Naylor was using the gas card improperly. This proof may be relevant for defending the defamation claim as well, since truth is an affirmative defense to defamation. As a final note, the Miles-Streeter email exchange was in Rotech's possession, so Rotech was not (or should not have been) blindsided by Naylor's defamation claim once the email exchange was disclosed. For these reasons, adding the defamation claim does not unfairly prejudice Rotech.

Having allowed Naylor's defamation claim, additional discovery is the remaining issue. Rotech asserts it would be necessary to (i) re-depose Naylor; (ii) submit written discovery on the defamation claim; (iii) depose any non-party witnesses related to the defamation claim; and (iv) supplement initial disclosures on the defamation claim. Paper 38 at 4. The Court is skeptical of the need for so much additional discovery, since the only open issue on the defamation claim seems to be damages. Miles's email itself provides evidence of the statement and publication to a third party. Damages will depend on Naylor's testimony and perhaps evidence from a few other sources, such as Naylor's family and friends, or Streeter. The parties shall consult in good faith and submit an amended stipulated discovery

7

schedule/order for approval by the court, which provides deadlines for additional limited discovery and a trial-readiness date of no later than April 1, 2010. Furthermore, the Court strongly recommends the parties conduct a second ENE session after completion of any additional discovery.

Rotech also asks that Naylor pay for any further discovery. Paper 38 at 4. District courts have the power to grant a motion to amend while imposing conditions, such as costs being paid by the moving party. See, e.g., Xpressions Footwear Corp. v. Peters, No. 94 Civ. 6136, 1995 WL 758761, at *5-6 (S.D.N.Y. Dec. 22, 1995) (unreported) (collecting cases). But assigning costs is not appropriate here: the allegedly defamatory email was only disclosed recently, Naylor moved to amend his complaint quickly, the claim is not futile, and Rotech is not prejudiced by allowing the amendment. Each party shall bear their own costs in future discovery.

Naylor's motion to amend is granted with respect to the defamation claim. Further discovery shall be limited, and the parties will bear their own costs.

IV. Spoliation Claim

Naylor points out Rotech has been unable to produce a particular email from Miles, warning him not to use the company gas card for his personal vehicle. The contents of the email are in dispute: "The defendant claims that Mr. Miles warned plaintiff

8

against using the company gas card for his personal vehicles. Plaintiff's recollection was that the prohibition was [only] for personal trips, not work related trips." Paper 36 at 2. This distinction will likely be important, because the incident report explaining Naylor's firing states, "[Naylor] has been using the company fuel card to fuel personal vehicles, which is strictly against company policy." Paper 37-2. If Naylor can show a mismatch between the warning email and the ostensible reason for his firing, it will assist in his case. According to Naylor, Rotech should have known the warning email would become important evidence, and preserved it. Naylor points out Rotech has produced other emails from Miles sent during the same time period, yet has offered no explanation for its inability to locate the warning email. Paper 36 at 2, 4-5; Paper 41-2 at 2-3.

Based on this missing email, Naylor proposes to add a claim for "spoliation of the evidence" as Count V of his complaint. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).

The main issue is whether or not spoliation of evidence constitutes an independent cause of action. Federal courts look to state law to define the substantive claims in diversity cases

9

such as this one. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78
(1938). States are split on whether spoliation of evidence
constitutes its own cause of action. Over the past few decades,
some states have recognized spoliation of evidence as a
free-standing tort claim. E.g., Rizzuto v. Davidson Ladders,
Inc., 905 A.2d 1165 (Conn. 2006). A majority of states, however,
do not recognize spoliation as an independent tort. E.g.,
Fletcher v. Dorchester Mut. Ins. Co., 773 N.E.2d 420 (Mass.
2002); Weigl v. Quincy Specialties Co., 601 N.Y.S.2d 774 (Sup.
Ct. 1993). These states simply use discovery sanctions in the
underlying lawsuit to deal with spoliation issues. Sanctions are
based on the trial court's inherent power to manage litigation,
and range from simple negative inferences to deeming facts
admitted to dismissing the entire suit. See West, 167 F.3d at
779-80.

Vermont has not addressed whether spoliation of evidence
constitutes a free-standing tort claim. Over the years, the
Vermont Supreme Court has used the traditional approach of
discovery sanctions to punish a spoliator of evidence. See
Lavalette v. Noyes, 205 A.2d 413 (Vt. 1964) (considering whether
to apply a presumption of falsity, as a sanction for destruction
of evidence); In re Campbell's Will, 147 A. 687 (Vt. 1929)
(applying sanctions for spoliating evidence); Ellis J. Gomez &
Co. v. Hartwell, 122 A. 461 (Vt. 1923) (noting the rule that

10

willful destruction of evidence gives rise to rise to an inference that the contents would be injurious to the one who destroys it); Judevine v. Weaks, 57 Vt. 278 (1884) (noting a deposition is presumed to contain evidence against a party who suppresses it).[1] It does not appear, however, that the Vermont Supreme Court has ever directly faced the question of whether spoliation of evidence constitutes an independent tort.

As an issue of first impression, this Court finds no separate cause of action exists under Vermont law for spoliation of evidence. First, spoliation is by definition an ancillary issue in a lawsuit; it never exists on its own. Therefore the appropriate place to deal with spoliation is in the underlying lawsuit. Second, discovery sanctions offer a wide range of remedies for spoliation. Courts can apply negative inferences, prohibit parties from introducing certain other evidence, deem facts admitted, award costs, dismiss the entire case, or enter default judgment, among other things. These sanctions are more than adequate to "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful

---

[1] See also Ross v. IBM, No. 2:04-cv-103, 2006 WL 197137 (D. Vt. Jan. 24, 2006) (unreported) (addressing spoliation via discovery sanctions, in a federal lawsuit based on both state and federal law).

destruction of the evidence." West, 167 F.3d at 779 (internal quotation omitted).  Because a separate claim for spoliation would be cumbersome and unnecessary – at least where the alleged spoliator is a party to the underlying lawsuit – the Court concludes no such claim exists.  See Fletcher, 773 N.E.2d at 551.

Having concluded first-party spoliation of evidence is not a recognized cause of action under Vermont law, it would be futile for Naylor to amend his complaint and add a separate claim for it.  Naylor's motion to amend is accordingly denied with respect to the proposed Count V.  Foman, 371 U.S. at 182; Parker, 204 F.3d at 339.

V.   Conclusion

For the foregoing reasons, Naylor's motion to amend is GRANTED with respect to the defamation claim, and DENIED with respect to the spoliation claim.  Plaintiff shall file an Amended Complaint consistent with this Ruling on or before January 8, 2010.  Further, the parties shall submit a proposed Amended Discovery Schedule/Order, on or before January 15, 2010, reflecting trial-readiness by April 1, 2010.

Dated at Brattleboro, in the District of Vermont, this 23rd day of December, 2009.

				/s/ J. Garvan Murtha
				Honorable J. Garvan Murtha
				Senior United States District Judge